UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-30161-RGS

MENARD

v.

CSX TRANS., INC.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT

October 18, 2013

STEARNS, D.J.

On September 20, 2013, plaintiff Mark Menard filed a motion to set aside judgment. (Doc. No. 94.) Though Menard styled his motion as one for relief from a district court order, he is asking that this court re-open the issue of defendant CSX's potential liability for all of the injuries he incurred from the moment that he illegally entered the railroad yard (irrespective of whether he can meet the elements of the position-of-peril exception articulated in *Pridgen v. Boston Hous. Auth.*, 364 Mass. 696 (1974)).

Because the First Circuit definitively ruled that defendant was not liable for Menard's injuries up to and including the alleged switch incident, the only logical interpretation of Menard's motion is that he is asking for relief from the mandate of the Court of Appeals to this court. This court does not have the

power (or the inclination) to grant such relief, because "when a case is decided by an appellate court and remanded . . . any questions that were before the appellate court and disposed of by its decree become the law of the case and bind the district court on remand." *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991)*, quoting United States v. Belculfine*, 527 F.2d 941, 943 (1st Cir. 1975). Plaintiff's Motion to Set Aside Judgment is therefore denied.

1. **The First Circuit was clear that defendant's conduct when Menard entered the railroad yard was NOT willful, wanton or reckless.**

The First Circuit addressed the issues that Menard raises in his Rule 60 Motion, and, for purposes of its analysis, accepted the facts as set forth in "Menard's version of the accident… includ[ing] any elaboration set forth in his proposed amendment." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 41 (1st Cir. 2012). The Court iterated the standard under Massachusetts case law that "[a]bsent aggravating circumstances . . . an adult who chooses without permission to trespass upon railroad tracks is not entitled to recover." *Id.* at 43. The Court then acknowledged Menard's "broadest position" (which he is attempting to revive with his Rule 60 motion) that CSX employees were "aware that he had entered the rail yard and, knowing that such a yard is a place of danger . . . fail[ed] to warn him off the property." *Id.* Nevertheless,

because "the dangers of injury in this case were apparently not so severe as to prevent regular crossings of the yard by Menard and others like him," the Court held that CSX was not wilful, wanton or reckless in failing to either warn Menard off the property or to otherwise act in response to his initial trespass. *Id.* This holding applies to the entirety of the conduct of CSX's employees prior to the alleged switch incident. *See id.* at 44 ("To this point in his journey through the yard, Menard's own version of events fails to state a claim.").

2. **The First Circuit's remand was limited to the issue of CSX's potential liability for Menard's injuries that occurred AFTER the alleged switch incident.**

The Court stated: "[W]e think that a limited remand is appropriate to allow Menard to explain to the district judge what basis he has to believe that narrow discovery is warranted as to the brief interval between the switch incident and Menard's fall under the wheels of the train." *Id.* at 45-46. The First Circuit left open only the issue of defendant's liability for events that occurred after Menard's foot was allegedly injured by a shifted track. To the extent this raises an issue of disputed fact, it is focused on what CSX employees "saw between the switch accident and the denouement," *id.* at 45, and what, if anything, they could reasonably have done to avert further harm to Menard.

This is the only issue before this court on remand, and plaintiff has been

reminded of this several times. *See, e.g.,* Order dated July 17, 2013 ("It should have been apparent to plaintiff from the opinion of the Court of Appeals and various of this court's orders on remand that he would not be permitted to assert claims other than the peril-and-negligence claim that survived appellate scrutiny."). Discovery, and any trial on this matter, will continue to be limited in accordance with the First Circuit's mandate.

3. **Menard's repeated refusal to either accept or to understand the First Circuit's ruling and the distinctions between duty of care owed in one situation and conduct that constitutes breach of the duty of care in another situation is concerning.**

The First Circuit clearly stated that "[i]f Menard on remand offers no solid basis for the remaining peril-and-negligence allegation and limited discovery is not shown to be promising, the judgment should be reinstated." *Id.* at 46.[1] Defendant is correct in noting that this wording "leaves no doubt that, by necessary implication, none of Plaintiff's other claims 'remain.'" Doc. No. 98, p. 2.

To avoid any further confusion, the court rules as follows:

(1) The First Circuit ruled that CSX is not liable to Menard for any initial

---

[1] Menard has, in fact, surpassed the initial bar set by the First Circuit; after limited discovery Menard satisfied this court that a material dispute of fact existed sufficient to survive CSX's most recent motion for summary judgment. *See* Order dated September 9, 2013 (Doc. No. 89).

4

injury that occurred after his illegal trespass into the railyard. This mandate applies even if CSX employees saw him enter the yard, and even if CSX employees knew that trains in the yard were intermittently moving without warning (or "double-doubling"), given that Menard trespassed in what he knew was an active railyard used to move and switch trains.

(2) CSX may be liable to Menard for injuries that occurred after the alleged switch incident if he can prove that: (a) an initial injury left him in a position of peril within the yard; (b) CSX employees were aware that he had become trapped in such a position; (c) CSX employees had the opportunity and means to prevent further injury to Menard; and (d) they failed to act, causing Menard to sustain further injury.

### ORDER

Plaintiff's motion to Set Aside Judgment is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE