UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-30161-RGS

MARK MENARD

v.

CSX TRANSPORTATION, INC.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO COMPEL AND TO
EXTEND THE DISCOVERY DEADLINE

January 31, 2014

STEARNS, D.J.

Discovery disputes are often the bane of modern litigation practice, particularly where, as here, they stem from a studied disregard of prior orders of this court and the mandate of the Court of Appeals. In remanding the case to this session, the First Circuit made it emphatically clear that the only issue being recommitted for further discovery was whether CSXT workers were aware of, and had an opportunity to intervene during, "the brief interval between the switch incident and Menards's fall under the wheels of the train." *Menard v, CSX Transp., Inc.*, 698 F.3d 40, 46 (1st Cir. 2012).

On December 12, 2013, defendant CSXT moved for a protective order with regard to plaintiff Mark Menard's November 21, 2013 discovery requests and his November 22, 2013 notice of a deposition pursuant to Fed. R. Civ. P. 30(b)(6). CSXT asserted that the production requests and the topics designated for the Rule 30(b)(6) deposition "demand[ed] information from CSXT" that was (1) already provided, (2) privileged, and/or (3) outside the scope of discovery. (Dkt. #112 at 1). However, CSXT failed to identify with any specificity which of these three objections applied to which request or designated topic.

Menard filed an opposition and a cross-motion "to compel production and compliance with deposition notice and to extend the discovery deadline." (Dkt. #115). Menard asserted that CSXT was taking an overly restrictive view of this court's discovery orders and that CSXT "steadfastly claims that any information that is temporally outside of the period between Mr. Menard's first and second injuries in the railroad yard is not subject to discovery regardless of whether the evidence or information is relevant to the permitted time frame or is reasonably calculated to lead to the discovery of admissible evidence." (Dkt. #115 at 2). Menard offered specific examples of information and documents (for example, a train instruction sheet specific to July 30, 2008, referred to by an employee

deponent of CSXT) that CSXT was allegedly withholding under the claim that such information was "either 'privileged or outside the scope of discovery'" (*id.*), but without providing a privilege log. Menard also requested "a hearing on these matters to achieve clarity as to the permissible scope of discovery in this case on remand." (*Id.* at 1). On January 8, 2014, CSXT filed an opposition to Menard's cross-motion, and on January 24, 2014, Menard filed a reply, which concluded the briefing on this issue.

## SCOPE OF DISCOVERY

The scope of discovery in this case has been the subject of numerous prior decisions. (*See, e.g.,* Dkt. #34, #45, #106). Menard is entitled to discovery regarding his claims and CSXT's defenses with regard to the peril-and-negligence claim, and no more. Again, this means that Menard is entitled to discovery regarding any nonprivileged matter that is relevant to (1) whether CSXT knew that Menard was in a position of peril between his alleged first and second injuries, and (2) whether CSXT acted negligently once it was aware of Menard's position of peril. This encompasses discovery regarding "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

location of persons who know any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Menard persists in overstepping the boundaries of discovery drawn by the First Circuit that this court has attempted to enforce. Menard also misstates the current posture of the case. Contrary to Menard's assertions, this court has not ruled that CSXT was aware that Mr. Menard was in a position of peril between his first and second injuries. Rather, in denying CSXT's earlier (and perhaps premature) motion for summary judgment, this court ruled that there was a *triable issue of fact regarding whether* CSXT knew or had reason to know that Menard was trapped in a position of peril within the yard, and, if so, whether it negligently failed to intervene to prevent Menard's further injuries. Further, Menard seems to be under the misimpression that CSXT's internal policies regarding trespassers are somehow relevant to establishing the applicable duty of care in the event that he can prove CSXT was aware of his position of peril. This is incorrect. The applicable duty of care is an obligation imposed by law that cannot be contracted or expanded by CSXT's internal policies. These policies are irrelevant except to the extent they may shed light on the *factual* question of what options may have been available to CSXT employees to exercise if they were aware of Menard's condition. *See Davis v. Westwood Grp.*, 420

Mass. 739, 743 (1995) (whether a legal duty is owed by a defendant to a plaintiff is a matter of law to be determined by reference to existing social values and customs, as well as to "appropriate social policy").

THE DISPUTED DISCOVERY REQUESTS

This said, many of Menards requests are well outside the scope of permissible discovery (such as "[a]ll documents concerning any training that individual received regarding safety precautions . . ."). In addition, many of his requests are not reasonably calculated to lead to the discovery of admissible evidence, given the remoteness of the possibility that the requested production could lead to anything relevant to whether CSXT knew Menard was trapped in the yard or whether CSXT had an opportunity to intervene (such as "[a]ll documents concerning CSX's policies, procedures and practices regarding dealing with trespassers . . .").

Notwithstanding, some of Menard's requests were clear, specific, and reasonably calculated to lead to the discovery of admissible evidence regarding his remaining claim. As such, CSXT's broad refusal to respond to these requests (particularly for specific documents or communications which are not burdensome to produce or review) is also improper. CSXT will be ordered to respond to these requests, as outlined below.

## *Information or Documents CSXT is ordered to Produce*

CSXT is ordered to produce the following information or documents requested by Menard and identified in his motion to compel:

**1. Employee Work Schedules** – CSXT is ordered to produce a work schedule for July 30, 2008 for CSXT employees Mark Britton, Mark Brothers, and Scott Petraitis listing the hours on which each of these employees worked at the rail yard on that day.

**2. Train timetable and instruction sheet for the Q421 train on July 30, 2008** – CSXT shall produce this document as referenced by Trainmaster Sean Fitzpatrick at his deposition.

**3. The "Rulebook" –** CSXT is ordered to produce this document, as referenced in the deposition of its employee, Mr. Fitzpatrick.

Note: Menard alleges that Mr. Fitzpatrick referenced a "rulebook" in his deposition, and that CSXT has failed to comply with his request to produce said rulebook. This request is for a specific document, and thus is hardly vague, ambiguous, or overbroad as CSXT alleges, and CSXT has not argued the document is subject to any claim of privilege. CSXT argues that the document is irrelevant to whether CSXT employees saw Menard between his 1st and 2nd injuries. This may be so, but Menard is entitled to discovery

regarding *both* elements of his peril-and-negligence claim: (1) whether CSXT knew of his first injury prior to the occurrence of the second injury, and (2) what options, if any, were available to CSXT employees to attempt a rescue between his first and second injuries.

**4. Van Company Information** – CSXT is ordered to produce the name and contact information of the Van Company with which it contracted to transport CSXT employee through the yard on July 30, 2008.

**5. Recordings of phone calls and other communications on July 30, 2008** – CSXT ordered to respond to this request to the extent the communications have any possible relation to Menard or his accident.

Note: CSXT states that it has produced "all recordings." Menard alleges that various produced recordings of phone calls made on July 30, 2008, reference other phone calls or communications made on that date which have not been produced (for example, at 4:15 PM in a produced recording, a previously sent "sentry message" is mentioned by "Keith" from PSCC; at 3:56 PM in a produced recording the speaker mentions a call from "the yardmaster at West Springfield Yard" to the "dispatcher's wire" regarding Menard's injuries).

**6. 30(b)(6) deposition**

To the extent CSXT is unable to provide any of the five categories of information in written discovery within fifteen (15) days of this Order, CSXT is ordered to present a 30(b)(6) witness for deposition, on or before February 28, 2013, which will be limited in scope to information regarding the five topics outlined above.

### *Extension of Discovery Deadline*

Discovery is extended until February 28, 2014, solely for the purpose of allowing the parties to follow the instructions in this order.

### ORDER

For the foregoing reasons, CSXT's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART; Menard's Motion to Compel is GRANTED IN PART AND DENIED IN PART and Menard's Motion to Extend Discovery Deadline GRANTED IN PART and Limited in Scope (for the sole purpose of producing the remaining discovery responses delineated above). The parties are reminded, consistent with the First Circuit's mandate and this court's September 23, 2013 docket entry, that if CSXT discharges its discovery obligations, and then articulates a good faith basis for the proposition that the additional discovery eliminates any material

disputed facts, it remains open to CSXT to petition the court for reinstatement of the original judgment. *Menard*, 698 F.3d at 46.

        SO ORDERED.

        <u>/s/ Richard G. Stearns          </u>
        UNITED STATES DISTRICT JUDGE